**In re SANTEC CORP., Debtor.**

**Bankruptcy No. 85–147.**

United States Bankruptcy Court,
D. New Hampshire.

May 13, 1985.

C. Hall Swaim, Hale & Dorr, Boston, Mass., for debtor.

John J. Preefer, Wofsy, Certilman, Haft, Lebow & Balin, New York City, for IMTEC.

Pierre O. Caron, Public Service Co. of N.H., Manchester, N.H., for PSNH.

Edward Jordan, Jordan & Gall, Hudson, N.H., for Prolman Realty.

## ORDER ON MOTION TO SELL ALL OPERATING ASSETS

JAMES E. YACOS, Bankruptcy Judge.

On April 12, 1985 the debtor filed a Chapter 11 petition in this court. On the same day the debtor also filed a "Motion to Sell Substantially All Of Its Operating Assets Outside Of A Chapter 11 Plan Of Reorganization". This motion was noticed to all creditors and stockholders and was heard before the court on May 8, 1985.

At the outset of the hearing the court was under the impression that the debtor had either sent the purchase and sale agreement for the proposed sale to the noticed parties, or had filed same with notice to the parties that they could examine the sale agreement at their option. It developed at the hearing however that the purchase and sale agreement had not yet been finally negotiated and put into written form.

Since the precise terms and conditions of the sale agreement are necessary to a decision on approval of a sale, and particularly here where the "nonexclusive license" of the debtor's patented technology which the buyer will receive is important to the question of "what's left to reorganize" in this Chapter 11 proceeding, the court clearly does not have an adequate record upon which to support an order approving the proposed sale to Imtec Corporation. The court delayed ruling on the motion for several days to permit the debtor to finalize and file the purchase and sale agreement if it so desired, but the debtor has declined to do so.

Apart from the foregoing, the court notes there are further additional factors which preclude any order of approval of the proposed sale on the present record in this case: (1) This case is barely a month old and no creditors' committee has yet been constituted to represent the interest of the creditors in this estate; (2) The U.S. Trustee received notice of the motion to dispose of all the operating assets in this estate but did not appear at the hearing or indicate any position in support or in opposition to the motion; (3) The first meeting of creditors under § 341 of the Bankruptcy Code has not yet been held, being scheduled for May 23, 1985; (4) The notice of the proposed sale given to the creditors and stockholders arguably cannot be deemed to be the functional equivalent of the disclosure statement that would be required if this sale were included within a liquidating plan of reorganization under the formal requirements of Chapter 11; and (5) No evidence was received as to the debtor's tax basis in the assets, to determine if there is any arguable possibility of a capital gains tax on the sale for failure to come within the "plan" exception in 26 U.S.C. § 337(g).

There is a conflict in the case law as to whether an "all-asset" sale can be approved in a Chapter 11 proceeding outside of a liquidating plan of reorganization. The cases are discussed in *In re White Motor Credit Corporation*, 14 B.R. 584 (N.D.Ohio 1981), in which it was stated the general sales provisions of § 363 of the Code alone do not authorize such sales. The court there did approve the sale on an emergency basis under its § 105 "all purpose" powers, but did so in a case in which the record indicated the substantial equivalent of a disclosure statement in the circumstances.

More recently it has been held in another circuit, in *In re Lionel Corporation*, 722 F.2d 1063 (2d Cir.1983), that a sale of a debtor's "most valuable single asset" could proceed in Chapter 11 under § 363(b) without a plan, but the court reversed and remanded the order approving the sale for lack of a sufficient evidentiary record to support approval.

The court does note in the present case that the debtor presented considerable evidence at the May 8, 1985 hearing demonstrating the wisdom from its standpoint of proceeding with the proposed sale to Imtec Corporation. If this matter had been presented to the court in a different proce-

dural context, i.e., with a creditors' committee in place who had time to seriously evaluate the proposal and recommend the same, or alternatively with active participation by the U.S. Trustee or his representative in giving the court an "outside view" as to the merits of the proposed sale, the court would have been more disposed to grant approval of the sale on a showing that no better alternative by national advertising, etc., discussed at the hearing should be pursued.

Wherefore, in accordance with the foregoing it is

ORDERED, ADJUDGED and DECREED as follows:

1. The debtor shall have one week within which to file a formal, complete, executed purchase and sale agreement with Imtec Corporation to support its application for approval of such sale, as it may be advised.

2. Imtec Corporation as proposed purchaser shall have one week within which to file in this court a written statement indicating that it will keep its purchase offer open until the time of the continued hearing hereinafter scheduled as it may be advised.

3. If the agreement and statement required by the preceding paragraphs are filed by the date indicated, the Clerk of this court shall make known the terms of this order to all creditors who attend the first meeting of creditors on May 23, 1985, and to the U.S. Trustee, and shall indicate to them further that a continued hearing on this motion will be held before the court on *Wednesday May 29, 1985 at 2:30 p.m.* in the Norris Cotton Federal Building, 275 Chestnut Street, Manchester, New Hampshire, Room 315, Third Floor.

4. If the foregoing documents are not filed within one week the court will proceed to enter ex parte a supplemental order denying the pending motion for approval of sale of all operating assets, and the hearing of May 29th shall be cancelled.